UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **BILBO FOLDES, ET AL.** | **CIVIL ACTION NO. 06-0550** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **FARMERS INSURANCE EXCHANGE, ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

**MEMORANDUM RULING**

Before the Court are Plaintiffs' objections to certain of Defendants' designated exhibits and witnesses. Plaintiffs filed a memorandum in support of their objections on February 22, 2007, the day before final pre-trial submissions were due. However, Defendants have not responded to Plaintiffs' memorandum.

Having considered Plaintiffs' memorandum and the record in this case, the Court finds that Plaintiffs' objections to Defendants' exhibits and witnesses should be SUSTAINED IN PART, as set forth below. The Court will defer ruling on certain of Plaintiffs' objections until trial and/or until additional information is provided to the Court.

**A.    PLAINTIFFS' OBJECTIONS TO DEFENDANTS' EXHIBITS**

In their memorandum, Plaintiffs incorporate the objections they raised to Defendants' exhibits in the Pre-Trial Order. The Court rules on those objections as follows.

> **1.    "Plaintiffs object to the use of depositions or affidavits as hearsay, unless admissible for some purpose permitted under the FRCP or FRE."**

The Court defers ruling on objection #1 until additional information is provided or until trial.

  2. **"Plaintiffs do not object to the authenticity of the medical records of those records listed by Defendants in Exhibit 18; but they do object to their admissibility."**

The medical records listed are from seventeen (17) separate health care providers for Plaintiff Bilbo Foldes. Without additional information, the Court cannot rule on this objection. For example, Plaintiff Bilbo Foldes' previous physical therapy might be admissible to show a pre-existing condition relevant to this lawsuit, but it is unclear how her allergy records from Dr. Zambie are admissible. Accordingly, the Court will defer ruling on objection #2 until provided with more specific briefing or until trial.

  3. **"Plaintiffs will stipulate to the payment by State Farm of $125,000 as set forth in Exhibit 25, but object to such being published to the jury."**

At the pre-trial conference, Defendants' counsel agreed that the State Farm payment should not be published to the jury.[1] Therefore, Plaintiffs' objection #3 is GRANTED.

  4. **"Plaintiffs reserve their right to object to State Farm's response to the records deposition until having determined the specific documents to be offered."**

The Court defers ruling on objection #4 until additional information is provided or until trial.

**B. PLAINTIFFS' OBJECTIONS TO DEFENDANTS' WITNESSES**

Plaintiffs object to any testimony by Defendants' designated will-call witnesses, Jean Huenefeld, Fred Huenefeld, or Elbert L. Via, Jr., because Defendants never listed these three individuals as witnesses until February 22, 2007, the day before final pre-trial submissions were

---

[1] According to the recollection of the Court's law clerk and her contemporaneous notes, Defendants' counsel agreed as stated. If Defendants dispute the law clerk's recollection, the Court will consider their memorandum on the issue when it is submitted.

due. These witnesses were not identified as may-call or will-call witnesses by the witness list or pre-trial submissions deadline, nor were they listed in the witness list accompanying the pre-trial order.

Pursuant to Federal Rule of Civil Procedure 16(f), Plaintiffs' objection is SUSTAINED, and Jean Huenefeld, Fred Huenefeld, and Elbert L. Via, Jr. will not be permitted to testify at trial because of Defendants' failure to designate these individuals as witnesses in the time specified by the Court's Scheduling Order.

MONROE, LOUISIANA, this 6th day of March, 2007.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE