UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

**BILBO FOLDES, ET AL.**                          **CIVIL ACTION NO. 06-0550**

**VERSUS**                                        **JUDGE ROBERT G. JAMES**

**FARMERS INSURANCE EXCHANGE,**                   **MAG. JUDGE KAREN L. HAYES**
**ET AL.**

## MEMORANDUM RULING

Before the Court are Plaintiffs' objections to the admission of several portions of Dr. Allan Z. Schwartzberg's deposition testimony.[1] Plaintiffs object to testimony regarding Plaintiff Bilbo Foldes' ("Mrs. Foldes") pre-accident statement to her neurologist as prejudicial and testimony regarding Mrs. Foldes' settlement in a prior automobile accident and insurance payment in this case as irrelevant, prejudicial, and inadmissible evidence of a compromise. Defendants did not file a response to Plaintiffs' objections.

For the following reasons, Plaintiffs' objections are SUSTAINED, and the disputed portions of Dr. Schwartzberg's deposition testimony are deemed inadmissible.

**I.    PLAINTIFFS' OBJECTIONS**

    **A.    Testimony regarding Mrs. Foldes' pre-accident statement to her neurologist**

Dr. Schwartzberg opines that the March 2004 accident at issue exacerbated Mrs. Foldes' preexisting mental impairment, and, as a result, her ability to function is significantly impaired.

---

[1] The disputed portions include pages 57, lines 4-15; 58, lines 15-22; 59, lines 1-7, 13-22; 60, lines 1-22; 61, lines 1-14; 72, lines 18-22; 73, lines 1-11; and 81, lines 2-5.

1

During the deposition, Defendants' counsel asked Dr. Schwartzberg about a statement Mrs. Foldes allegedly made to her neurologist on January 6, 2004.  Defendants' counsel asked Dr. Schwartzberg whether he was aware that Mrs. Foldes told her neurologist that she was "unable to perform activities of daily living" and, if so, how this would affect his assessment of her ability to function prior to the accident.  [Dr. Schwartzberg Deposition, p. 57, lines 6-7; pp. 57-61, 81].

Plaintiffs claim that Defendants' counsel mischaracterized Mrs. Foldes' statement.  The neurologist's report states "[Mrs. Foldes] states that she is unable to perform her daily activities *without pain* and it is limiting her activities."  [Plaintiffs' attachment] (emphasis added).  Apparently, Mrs. Foldes was referring to her chronic physical pain resulting from an earlier automobile accident.  Plaintiffs argue that this mischaracterization is highly prejudicial because Dr. Schwartzberg's responses rely on an incorrect premise.

Defendants' counsel used Mrs. Foldes' alleged statement to suggest that she was impaired prior to the accident, and, therefore, the accident did not cause (or only exacerbated) her injuries.  The neurologist's report clearly shows that he believed Mrs. Foldes was referring to the effects of physical pain on her ability to function.  Therefore, Defendants' counsel's questioning relies on an inaccurate factual basis.  Further, because this line of questioning goes to causation, the key element in dispute, the Court finds that any probative value is substantially outweighed by the danger of unfair prejudice.  *See* Fed. R. Evid. 403.

Accordingly, Plaintiffs' objection regarding Dr. Schwartzberg's testimony about Mrs. Foldes' pre-accident statement to her neurologist is SUSTAINED, and this testimony is deemed inadmissible.

### B. Testimony regarding Mrs. Foldes' settlement in a prior auto-accident and insurance payment in this case

Dr. Schwartzberg opines that Mrs. Foldes' impaired functioning following the accident affected her ability to run her business, and the resultant financial deterioration caused her more stress and anxiety, further exacerbating her mental impairment. During the deposition, Defendants' counsel pointed out that Mrs. Foldes' business was experiencing financial difficulty prior to the accident. Defendants' counsel then asked Dr. Schwartzberg whether an infusion of cash, "$375,000," would have relieved her stress. [Dr. Schwartzberg Deposition, pp. 72-73]. The amount mentioned refers to Mrs. Foldes' settlement in a prior auto-accident ($250,000) and insurance payment in this case ($125,000).

Plaintiffs claim that references to Mrs. Foldes' prior settlement and insurance payments in this case are irrelevant, prejudicial, and inadmissible evidence of a compromise. *See* Fed. R. Evid. 401, 403, & 408.

The Court finds that this evidence is relevant under Federal Rule of Evidence 401 because it tends to undermine Plaintiffs' theory of causation and suggests that Mrs. Foldes' alleged stress and anxiety are exaggerated.

Under Federal Rule of Evidence 408, evidence of a compromise "is not admissible to prove liability for or invalidity of the claim or its amount." *Branch v. Fidelity & Casualty Co.*, 783 F.2d 1289, 1294 (5th Cir. 1986) (quoting Fed. R. Evid. 408). The rule of exclusion applies even if the settlement is between a party to the litigation and a nonparty. Defendants' counsel did not refer to the cash as a "settlement," and he questioned Dr. Schwartzberg to undermine his opinion that financial difficulties exacerbated her mental impairment, a permissible purpose

under Rule 408.

However, evidence of Mrs. Foldes' insurance payments from an independent source, an underlying liability insurer and an uninsured motorist carrier, are inadmissible under the collateral source rule. *See Bourque v. Diamond M. Drilling Co.*, 623 F.2d 351, 354 (5th Cir. 1980) ("[T]collateral source rule bars both evidence directly bearing on damages and evidence which might be considered by the jury in assessing damages.").

Accordingly, Plaintiffs' objection regarding Dr. Schwartzberg's testimony about Mrs. Foldes' insurance payment is SUSTAINED, and this testimony is deemed inadmissible.[2] Because Defendants' counsel referred to the settlement and insurance payments as a lump sum, "$375,000," Dr. Schwartzberg's testimony about Mrs. Foldes' settlement is also deemed inadmissible.

## II. CONCLUSION

For the foregoing reasons, Plaintiffs' objections are SUSTAINED, and the disputed portions of Dr. Schwartzberg's deposition testimony are deemed inadmissible. Defendants may not admit or refer to Dr. Schwartzberg's deposition testimony regarding Mrs. Foldes' pre-accident statement to her neurologist, Mrs. Foldes' settlement in an earlier automobile accident, nor Mrs. Foldes' insurance payment in this case.

MONROE, LOUISIANA, this 6th day of March, 2007.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

---

[2]Additionally, this issue arose at the pretrial conference before Magistrate Judge Karen L. Hayes on February 8, 2007. It is the recollection of the Court's law clerk that Defendants' counsel agreed that the insurance payment should not be published to the jury.